UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-14853 |
| Plaintiff | Paul D. Borman |
| v. | United States District Judge |
| STEVIE BROWN, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**ON OBJECTION TO GARNISHMENT**

The United States initiated this action against defendant Stevie Brown in November 2013, seeking satisfaction of a debt owed for a student loan by Brown. The original indebtedness totaled $2,396.13, but increased to $4,415.62 with accrued capitalized interest by the time the complaint was filed. When Brown did not answer the complaint, the government sought and obtained an entry of default and default judgment (Dkts. 5, 6, 7). After obtaining a default judgment, the government obtained writs of continuing garnishment against monies to be paid to Brown by several entities between 2014 and 2019. All of this occurred without any responsive court filing by Brown. The most recent writ of garnishment was entered against BJ's Restaurants, Inc. on April 9, 2019 (Dkt. 25). To this latest writ of garnishment, Brown objected and requested a hearing. (Dkt. 27). The matter was referred to the undersigned for a report and recommendation.

On June 13, 2019, the parties appeared for a telephonic hearing concerning Brown's objection to garnishment.  During the hearing, the undersigned heard from both sides regarding Brown's objection and the status of the government's collection efforts.  Brown[1] apparently objects to the validity of the underlying indebtedness, but he concedes that the time for defending against the government's claim was before the Court's entry of judgment.  He has never filed any motion to set aside the judgment.  Furthermore, the parties have made payment arrangements on several occasions.  Thus, he has acknowledged the indebtedness resulting from the judgment.  Most recently, Brown agreed to pay $100 per month on the balance.  He affirmed on the record that he is willing to stick to that arrangement going forward.  Similarly, the government affirmed that it will not remove any money from his paycheck (via garnishment) unless Brown fails to make payments as agreed. Thus, the matter appears to have been resolved and the undersigned **RECOMMENDS** that Brown's objection to the writ of garnishment be overruled.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right

---

[1] Brown indicates that his current last name is Blanks, but he used the last name Brown during portions of his childhood.

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 7, 2019                           s/Stephanie Dawkins Davis
                                               Stephanie Dawkins Davis
                                               United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

  I certify that on August 7, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I mailed by U.S. Postal Service to the following non-ECF participant: Stevie Brown, 3093 Philip, Detroit, MI 48215.

           s/Tammy Hallwood
           Case Manager
           (810) 341-7887
           tammy_hallwood@mied.uscourts.gov